IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS GENE PELTIER,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN MCTIGHE; CAPTAIN WIRSHING; ASSISTANT WARDEN NELSON; D.O.C. CONTRACT BED MONITOR ALSTAD; CHAPLAIN JOHNSON; CORE CIVIC OF AMERICA,<br><br>Defendants. | CV 21-65-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 19, 2021, Plaintiff Peltier filed an Amended Complaint. (Doc. 11.) On December 20, 2021, the Amended Complaint was served on the Defendants. (Doc. 12.) The CoreCivic Defendants filed their Answer to the Amended Complaint on February 16, 2022. (Doc. 15.) Ms. Alstad, a Montana Department of Corrections employee, filed a partial motion to dismiss Plaintiff's claim for injunctive relief against her. (Doc. 16.) Plaintiff subsequently filed a motion for extension of time within which to file a reply to the CoreCivic

1

Defendants' Answer.  (Doc. 18.)

### i.   Motion for Extension of Time

As set forth above, Plaintiff seeks additional time to file a reply to Defendants' Answer.  But as explained by the CoreCivic Defendants, this Court did not deem a reply to be necessary under the Rules of Civil Procedure and, accordingly, has not ordered Plaintiff to file one.  See, Fed. R. Civ. Pro. 7(a)(7); see also, (Doc. 19.)   Accordingly, Plaintiff's Motion for Extension of Time (Doc. 18) will be denied as moot.

### ii.   Partial Motion to Dismiss

As set forth above, Defendant Alstad filed a partial motion to dismiss.  (Doc. 16.)  Defendant Alstad is employed by the Montana Department of Corrections, whereas the remaining defendants are CoreCivic employees.  Defendant Alstad seeks to dismiss only Plaintiff's request for injunctive relief against her in her official capacity.  Plaintiff has field no response to the motion to dismiss.

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Mere recitals of a claim's elements, supported by only

conclusory statements, are insufficient. *Id*. The court must then consider whether the well-pled factual allegations state a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the allege misconduct. *Id*. A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged- but not shown- that the pleader is entitled to relief" and must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Baker v. McCallan*, 443 U.S. 137, 144 n. 3 (1979). To state a claim under § 1983, a plaintiff must allege that (1) a person acting under the color of state law (2) violated a right secured to the plaintiff by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48-9 (1988). A defendant acts under color of law if he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Instead, "a suit against a state official in his or her official capacity…is a

3

suit against the official's offices. As such, it is no different from a suit against the State itself." *Id*. The Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. See, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997). Or put another way, the Eleventh Amendment insulates a state from suits for damages against official actors. See, *Will* at 67. "The rule is entirely different, however, when the suit is for injunctive relief. Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); see also, *Paeste v. Gov't of Guam,* 798 F. 3d 1228, 1236 (9th Cir. 2015). In what has become known as part of the *Ex Parte Young* doctrine, a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity. *Ex Parte Young*, 209 U.S. 123 (1908); see also, *Thornton v. Brown*, 757 F. 3d at 845-46 (9th Cir. 2013).

Defendant Alstad argues Plaintiff's § 1983 claim against her, in her official capacity, for injunctive relief fails for the following reasons: (i) the request is not ripe because Plaintiff has failed to establish the requested injunction would cure

any actual, imminent, or likely invasion of a legally protected interest, (Doc. 17 at 5-9); (ii) the request fails to meet the standard for prospective relief set forth in the PLRA, *id*. at 9-10; and, (iii) Plaintiff failed to establish that he is entitled to injunctive relief under § 1983 against her in her official capacities. *Id*. at 10-12.

Plaintiff generally seeks "injunctive relief." See, (Doc. 11 at 6). In relation to Defendant Alstad, Plaintiff advances a rather vague claim that she has not done the job she's been hired to do by the state and that she allows CoreCivic employees to violate rights of the Native American population, while doing nothing to interfere. *Id*. at 10. Plaintiff then provides a hearsay statement, indicating that Defendant Alstad, at some point in the past, made a false weather report, *id*., presumably which Plaintiff believes led to the cancellation of a Native American ceremony. Plaintiff has not indicated what form of injunctive relief he seeks relative to Defendant Alstad. Moreover, he has provided no response to Defendant's motion regarding the official capacity claim. Additionally, for the *ex parte Young* exception to apply, it must be clear "that such officer must have some connection with the enforcement of the act, or else it is merely making [her] a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F. 3d 984, 986 (9th Cir. 1998). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory

poser over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F. 2d 697, 704 (9th Cir. 1992)(citation omitted). In the instant case, Plaintiff has not sufficiently pled a causal connection between Defendant Alstad and the purported constitutional violations arising out of the September 29, 2019 cancelled sweat lodge ceremony. Therefore, the § 1983 claim against Defendant Alstad for prospective injunctive relief is barred by the Eleventh Amendment under *Ex parte Young*. Accordingly, the Court issues the following:

## ORDER

Mr. Peltier's Motion for Extension of Time (Doc. 18) is DENIED as moot.

## RECOMMENDATION

1. Defendant Alstad's Partial Motion to Dismiss (Doc. 16) should be GRANTED; Plaintiff's claim for injunctive relief against this Defendant in her official capacity should be DISMISSED.

2. At all times during the pendency of this action, Mr. Peltier must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

# NOTICE OF RIGHT TO OBJECT TO OBJECT
# TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
# OF FAILURE TO OBJECT

Mr. Peltier may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of March, 2022.

>   */s/ John Johnston*
>   John Johnston
>   United Stated Magistrate Judge