# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS GENE PELTIER,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN MCTIGHE; CAPTAIN WIRSHING; ASSISTANT WARDEN NELSON; D.O.C. CONTRACT BED MONITOR ALSTAD; CHAPLAIN JOHNSON; CORE CIVIC OF AMERICA,<br><br>Defendants. | Cause no. CV 21-65-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Thomas Peltier ("Peltier") filed this action against the CoreCivic Defendants and Defendant Alstad, seeking injunctive relief under 42 U.S.C. § 1983. (Doc. 11.) Alstad, a Montana Department of Corrections employee, filed a partial motion to dismiss on February 22, 2022. (Doc. 16.) United States Magistrate Judge John T. Johnston entered his Findings and Recommendations in this case on April 1, 2022. (Doc. 20.)

Magistrate Judge Johnston recommended that the Court grant Alstad's motion and dismiss Peltier's claim for injunctive relief against Alstad. (Doc. 20 at 6.) A plaintiff may seek injunctive relief under § 1983 against a state official only when the official has a direct connection to enforcement of an allegedly unconstitutional

act. *See Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998). Magistrate Judge Johnston determined that Peltier failed to plead a causal connection between Alstad and the purported constitutional violations arising out of the September 29, 2019 cancelled sweat lodge ceremony. (Doc. 20 at 6.) Peltier filed an objection to the Findings and Recommendations on April 12, 2022. (Doc. 24.) The Court reviewed Magistrate Judge Johnston's Findings and Recommendations and adopts them in full for the reasons discussed below.

The Court reviews *de novo* those findings and recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a re-litigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Peltier objects to Magistrate Judge Johnston's determination that Peltier failed to plead facts sufficient to state a claim. (Doc. 24.) Peltier argues that he is "protected against the Defendant's argument" by Fed. R. Civ. Pro. 26(a)(1)(B)(iv), which provides an exemption to initial disclosures for an action brought without an attorney

by a person in the custody of the United States, a state, or a state subdivision. (Doc. 24.) Peltier misapprehends the purpose of Rule 26. Rule 26(a)(1)(B)(iv) governs a pro se plaintiff's obligations during discovery, but it bears no impact on the plaintiff's obligation to state a claim in his complaint. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Magistrate Judge Johnston properly applied the *Ashcroft v. Iqbal* standard and determined that Peltier insufficiently pled a causal connection between Alstad and the purported constitutional violations arising out of a September 29, 2019 cancelled sweat lodge ceremony. (Doc. 20 at 5-6.) Magistrate Judge Johnston points out that Peltier advances only a vague claim that Alstad did not do the job that the state hired her to do and allowed CoreCivic employees to violate the rights of the Native American inmate population by allegedly making a false weather statement that prevented the sweat lodge ceremony from taking place. (Doc. 20 at 5.) The Court finds no error in Magistrate Judge Johnston's analysis.

Accordingly, **IT IS ORDERED** that:

1. Magistrate Judge Johnston's Findings and Recommendations (Doc. 20) are **ADOPTED IN FULL**.

2. Defendant Alstad's Partial Motion to Dismiss (Doc. 16) is **GRANTED**; Plaintiff's claim for injunctive relief against this Defendant in her official capacity is **DISMISSED**.

3. At all times during the pendency of this action, Mr. Peltier must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**DATED** this 29th day of July, 2022.

_____
Brian Morris, Chief District Judge
United States District Court